IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE GZELL,<br><br>　　　　　　Plaintiffs,<br>　vs.<br>NOVASTAR MORTGAGE,<br>INC., et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV F 10-1016 LJO SMS<br><br>**ORDER TO DENY INJUNCTIVE RELIEF**<br>(Doc. 2.) |

### INTRODUCTION

On June 7, 2010, plaintiff Lynette Gzell ("Ms. Gzell") filed papers which this Court construes to seek a temporary restraining order ("TRO") to enjoin foreclosure of her Angels Camp home ("property"). Ms. Gzell's complaint ("complaint") alleges no less than 18 claims in connection with her loan for the property and property foreclosure. For the reasons discussed below, this Court DENIES Ms. Gzell a TRO to enjoin foreclosure.

### DISCUSSION

#### Injunctive Relief Standards

Ms. Gzell fails to demonstrate that she is entitled to injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A

preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Arcamuzi*, 819 F.2d at 937. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." *Arcamuzi*, 819 F.2d at 937. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Arcamuzi*, 819 F.2d at 937.

As discussed below, Ms. Gzell fails to demonstrate probable success on her claims or significant threat of irreparable injury, especially given her default.

## **Failure To Tender Indebtedness**

Ms. Gzell's failure to tender, and apparent inability to tender, the amount owing on her loan dooms her claims and in turn her TRO request.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.*, 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

(1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing

3

is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.  Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales."  *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003).  "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988).  The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references Ms. Gzell's tender of indebtedness or ability to do so.  The complaint's silence on Ms. Gzell's tender of or ability to tender loan proceeds is construed as her concession of inability to do so.  Without Ms. Gzell's meaningful tender, Ms. Gzell seeks empty remedies, not capable of being granted.  Without a tender, there is no possibility of irreparable harm to Ms. Gzell.  The claims against defendants are subject to dismissal in the absence of a sufficiently alleged tender of loan proceeds.

**Absence Of Actionable Duties**

Nothing in the record reflects Ms. Gzell's fair chance of success on the merits or the existence of serious questions to require litigation.  In essence, she claims that she was unqualified for her property loan and that defendants breached fiduciary and related duties by making the loan to her.

There is no actionable duty between a lender and borrower in that loan transactions are arms-length.  A lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases).  "[A]s a general rule, a financial institution owes no duty of

4

1  care to a borrower when the institution's involvement in the loan transaction does not exceed the scope
2  of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231
3  Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991); *see Myers v. Guarantee Sav. & Loan Assn.*, 79
4  Cal.App.3d 307, 312, 144 Cal. Rptr. 616 (1978) (no lender liability when lender did not engage "in any
5  activity outside the scope of the normal activities of a lender of construction monies").

6  "Public policy does not impose upon the Bank absolute liability for the hardships which may
7  befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. The success of
8  a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to
9  protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any
10 information it may have had").

11 The complaint lacks facts to support an actionable duty to impose on defendants. "No such duty
12 exists" for a lender "to determine the borrower's ability to repay the loan. . . . The lender's efforts to
13 determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the
14 borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had
15 to rely on their own judgment and risk assessment to determine whether or not to accept the loan"). The
16 complaint lacks facts of special circumstances to impose duties on defendants in that the complaint
17 depicts an arms-length loan transaction, nothing more. The complaint fails to substantiate a special
18 lending relationship or an actionable breach of duty to substantiate a negligence claim.

19 "The relationship between a lending institution and its borrower-client is not fiduciary in nature."
20 *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53 (1991) (citing *Price v. Wells Fargo Bank,* 213
21 Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)). A commercial lender is entitled to pursue its own
22 economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing
23 *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)). Absent "special
24 circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the
25 borrower and lender." *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561 ("the bank is in
26 no sense a true fiduciary"); *see Downey v. Humphreys,* 102 Cal.App.2d 323, 332, 227 Cal.Rptr. 484
27 (1951) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.").

28 This Court is familiar with Ms. Gzell's claims which many prior defaulted borrowers have

5

1  pursued unsuccessfully.  Neither Ms. Gzell nor the record offers anything to suggest a fair chance of
2  success on the merits or irreparable harm given Ms. Gzell's default and inability to tender.  This Court
3  considers Ms. Gzell's TRO request as a further tactic to attempt to delay foreclosure proceedings.  This
4  Court intends to dismiss this action in short order, especially given the high likelihood of defendants'
5  upcoming successful motions to dismiss to remove doubt as to probable success of Ms. Gzell's claims
6  or irreparable harm to her.

## CONCLUSION

For the reasons discussed above, this Court DENIES Ms. Gzell a TRO or other relief to enjoin foreclosure proceedings.

IT IS SO ORDERED.

**Dated:   June 9, 2010**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE